IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMSOLVERS LLC, and<br>MITEL CLOUD SERVICES, INC.,<br><br>    Plaintiffs and Counterclaim<br>    Defendants,<br><br>v.<br><br>WIELAND NORTH AMERICA, INC.,<br><br>    Defendant and Counterclaim<br>    Plaintiff. | Case No. 3:21-CV-01234-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff and Counterclaim Defendant Mitel Cloud Services, Inc. ("Mitel") moves for leave to withdraw its responses to three requests for admission under Federal Rule of Civil Procedure 36. (Doc. 74). The admissions in question concern Mitel's purported contact with Defendant and Counterclaim Plaintiff Wieland North America, Inc. ("Wieland") before a services contract between Mitel and Wieland was signed.

### BACKGROUND

This is a dispute between businesses who disagree as to whether certain services contracts are valid. Wieland contends that one of its former employees, Scott Schuetz, had no authority to bind it to the contracts in question. Mitel and its Co-Plaintiff and Counterclaim Defendant CommSolvers LLC, on the other hand, argue that they reasonably relied on Mr. Schuetz's authority to sign the contracts on Wieland's behalf.

In discovery, Wieland propounded requests for admission under Rule 36 upon Mitel. The following requests and Mitel's responses (hereinafter the "RFAs") are relevant to the

pending motion:

> ➢ **Request for Admission No. 2:** Admit that when You received the Mitel Service Order purportedly signed by Scott Schuetz produced at Mitel-001752–Mitel-001765, You had never communicated with anyone from Wieland other than Scott Schuetz concerning the Mitel Service Order.
>
> ➢ **Mitel's Response:** Admit.
>
> ➢ **Request for Admission No. 7:** Admit that when You received the Mitel Service Order purportedly signed by Scott Schuetz produced at Mitel-002036–Mitel-002046, You had never communicated with anyone from Wieland other than Scott Schuetz concerning the Mitel Service Order.
>
> ➢ **Mitel's Response:** Admit.
>
> ➢ **Request for Admission No. 20:** Admit that as of July 7, 2021, You had never communicated with anyone employed by Wieland about the Mitel Service Order other than Scott Schuetz.
>
> ➢ **Mitel's Response:** Admit. (Doc. 75-1)

The RFAs seek to establish that at three points in time, Mitel had not spoken to any Wieland employee other than Mr. Schuetz about its contract with Wieland. Because this case turns on Mr. Schuetz's authority to bind Wieland, these admissions could suggest that Mitel should have known that something was awry when Mr. Schuetz was the only person representing Wieland in the negotiations of a multi-million dollar contract.

But Mitel now seeks to withdraw its admissions based on information revealed in discovery. Mitel cites the deposition of Mr. James McGarry, a former Mitel employee, as an evidentiary refutation of its admissions.[1] Mr. McGarry testified that he spoke to Mr. Roman Scholz, Mr. Schuetz's superior at Wieland, at some point in 2020, before the services contract was signed. McGarry Depo. Tr., p. 33-34. In Mr. McGarry's words, he "needed Roman to

---

[1] Mr. McGarry's deposition took place after Mitel served its responses to Wieland's requests for admission.

support an engagement to make sure that we could—that we knew this would be an opportunity that we could pursue, that it wasn't—that it was real, right." *Id.* p. 34. He also testified that he sent a "draft contract or proposed contract" to Roman Scholz "to start scoping it out." *Id.* p. 34.

Based on Mr. McGarry's testimony, Mitel seeks to withdraw its prior admissions that it "never communicated" with anyone at Wieland other than Mr. Schuetz before the services contract was signed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 36(a)(1) allows a party to seek admissions from another party concerning "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents." "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." FED. R. CIV. P. 36(a)(3). "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). This means that an admission "can effectively deprive a party of the opportunity to contest the merits of a case." *Id.* But the "harshness" of this result is mitigated by "the availability of the motion to withdraw admissions" under Rule 36(b). *Id.* Rule 36(b) states in relevant part:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. FED. R. CIV. P. 36(b).

Before permitting the withdrawal of admissions under Rule 36, the Court must assess (1) whether withdrawal "serves the presentation of the merits," and (2) whether the requesting party that relies on the admission in question will be prejudiced by the withdrawal. *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005).

## DISCUSSION

Mitel contends that withdrawal and amendment of its admissions will serve the presentation of the merits because it will align its admissions with evidence developed in discovery. Wieland sees things differently. It argues that Mr. McGarry's testimony confirms the accuracy of Mitel's admissions because he never testified that he discussed the "Mitel Service Order" (*i.e.*, the contract between Mitel and Wieland) with Roman Scholz. In Wieland's view, the RFAs specifically asked about the *contract* between Mitel and Wieland. Thus, so Wieland's argument goes, Mr. McGarry's discussion with Mr. Scholz about an "engagement" or the "draft contract or proposed contract" that he ostensibly sent Mr. Scholz is not sufficiently related to the substance of the RFAs.

Wieland's argument is barely tenable under an excruciatingly strict reading of the RFAs and, even through that lens, it is not persuasive. The RFAs asked whether, at certain points in time, Mitel had "communicated with anyone from Wieland other than Scott Schuetz concerning the Mitel Service Order."[2] Mr. McGarry testified that he discussed an "engagement" with Mr. Scholz and that he sent Mr. Scholz a "draft contract or proposed contract" before the final contract was signed. The fact that Mr. McGarry and Mr. Scholz's conversation did not discuss the *finalized* version of a purported contract between Mitel and

---

[2] RFA 20 was worded slightly differently, asking whether Mitel "communicated with anyone employed by Wieland about the Mitel Service Order other than Scott Schuetz."

Wieland does not render Mr. McGarry's testimony irrelevant to the question of whether Mitel "communicated with anyone from Wieland other than Scott Schuetz concerning the Mitel Service Order." Wieland's argument requires the words "Mitel Service Order" to mean the finalized contract between Mitel and Wieland. But there is no indication that the RFAs were limited in that fashion.

A plain reading of the RFAs and Mr. McGarry's testimony supports Mitel's position that its admissions are refuted—at least to a degree—by the evidence in this case. *See Morgan v. Arion Capital Mgmt. LLC*, No. 21-3557, 2022 WL 1288217, at *2 (E.D. Pa. Apr. 29, 2022) (ordering party to respond to requests for admission applying "ordinary meaning" to terms in the requests). In short, Mitel admitted that it never spoke to anyone at Wieland other than Scott Schuetz about the Mitel Service Order. Mr. McGarry's testimony that he discussed an "engagement" with Mr. Scholz and sent him a "draft contract or proposed contract" suggests that these admissions are not accurate. For that reason, withdrawal and amendment of Mitel's Rule 36 admissions will "promote the presentation of the merits of the action" because Mitel will not be bound by admissions that are—at a minimum—disputed. *See Chavez v. Encompass Ins. Co. of Am.*, No. 1:08-cv-2965-TCB, 2009 WL 10656019, at *2 (N.D. Ga. June 8, 2009) ("A withdrawal subserves the presentation of the merits when it aids in the ascertainment of truth.").

The second prong of the withdrawal inquiry considers the risk of prejudice to the requesting party. Under Rule 36(b), withdrawal is appropriate "if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." On this point, Wieland contends that withdrawal would present "at least some prejudice" to it because it would be forced to call Mr. Scholz as a witness at trial to rebut

evidence that someone other than Scott Schuetz was involved in the discussions about the contracts at issue. But calling a witness to rebut an adversary's evidence is perhaps the most fundamental trial exercise there is. Surely, if Mr. McGarry testifies that he spoke to Mr. Scholz about a services contract, Wieland will have every opportunity to rebut such evidence with evidence of its own. While that may not be the path of least resistance for Wieland, the Court is not convinced that this burden would be unduly prejudicial. Thus, the Court finds that any prejudice to Wieland in allowing Mitel to withdraw its admissions to the RFAs is minimal and not worthy of the drastic alternative of binding Mitel to a disputed fact.

## CONCLUSION

For these reasons, Mitel's motion for leave to withdraw and amend its responses to Wieland's requests for admission (Doc. 74) is **GRANTED**. Mitel may withdraw its responses to the RFAs and serve amended responses **on or before February 20, 2025**.

**IT IS SO ORDERED.**

DATED:  February 13, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**